UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ANTHONY HALL,

                    Plaintiff,

          v.

UNITED STATES OF AMERICA, INTERNAL
REVENUE SERVICE, UNITED STATES
DEPARTMENT OF THE TREASURY, MARY
ANN ACONE and NATALIE CASSADINE,

                    Defendants.
-----------------------------------------------------------------

**MEMORANDUM & ORDER**
16-CV-2073 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Anthony Hall, proceeding *pro se*, commenced the above-captioned action on April 27, 2016 against Defendants the United States of America, the Internal Revenue Service ("IRS"), the United States Department of the Treasury, Mary Ann Acone and Natalie Cassadine,[1] alleging an "unconstitutional theft of [Plaintiff's] proprietary interest in [his] private property" and the "capricious, wrongful and unreasonable imposition of [a] jeopardy levy." (Compl. 1, Docket Entry No. 1 (capitalizations omitted).) Defendants move to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Federal Rules of Civil Procedure. (Defs. Mot. to Dismiss with Incorporated Mem. of Law ("Defs. Mem."), Docket Entry No. 11; Decl. of Natalie Cassadine ("Cassadine Decl."), Docket Entry No. 11-1.) Based on Plaintiff's request that the Court "quash[] the unlawful institution of [the] jeopardy levy and release . . . all holds, liens and restraints

---

[1] Acone is an IRS "Territory Manager" and Cassadine is an IRS revenue officer. (*See* Decl. of Natalie Cassadine ("Cassadine Decl.") ¶ 1, Docket Entry No. 11-1.)

currently placed on [Plaintiff's] bank accounts," (Compl. ¶ 12 (capitalizations omitted)), the Court construes Plaintiff's claims to seek review of a jeopardy levy under 26 U.S.C. § 7429 ("section 7429") or to assert a wrongful levy action under 26 U.S.C. § 7426 ("section 7426").[2]

For the reasons set forth below, the Court grants Defendants' motion to dismiss the Complaint.

## I. Background

The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order. On April 13, 2016, Plaintiff received a notice from the IRS informing him that he had a "balance due" of $1,022,289.60 from an allegedly fraudulent federal tax return that Plaintiff had filed for the 2014 tax year. (Compl. ¶ 5.) The balance represented Plaintiff's 2014 tax refund of $851,908 and accrued interest.[3] (Cassadine Decl. ¶ 4; *see* Notice of Tax Due on Federal Tax Return at 12, annexed to Compl. as Ex. B.) By letter dated April 14, 2016, the

---

[2] Plaintiff asserts that Defendants "violated Federal Statutes at 42 U.S.C. 1982, 42 U.S.C. 1983" and "violat[ed his] substantive due process rights." (Compl. ¶¶ 9, 11.) Neither statute provides a cognizable claim for Plaintiff under the facts alleged in the Complaint. However, the Court is required to construe the submissions of a *pro se* litigant with "special solicitude" and "to raise the strongest arguments that they suggest," *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (citations and internal quotation marks omitted), and the Court therefore construes Plaintiff's claims under sections 7426 and 7429.

[3] According to the IRS, Plaintiff filed an income tax return for the 2014 tax year on April 15, 2015, listing $3,192,142 of "other income" and $2,008,142 of tax withholding and claiming a refund of $851,908. (Cassadine Decl. ¶ 4.) The IRS issued Plaintiff a refund check in the amount of $861,823.43, which was the claimed refund plus interest in the amount of $11,915.43. (*Id.* ¶ 5.) Plaintiff deposited the check into an account at a J.P. Morgan Chase Bank in Indianapolis, Indiana. (*Id.*) The Frivolous Return Program unit of the IRS later identified Plaintiff's tax refund as "frivolous" and determined that it was consistent with "refund tax schemes such as the Form 1099-OID scheme." (*Id.* ¶ 6; Defs. Mem. 3 n.2 (explaining the Form 1099-OID scheme).)

2

IRS informed Plaintiff that it had approved a jeopardy levy[4] to collect the amount Plaintiff owed. (Compl. ¶ 6; Notice of Jeopardy Levy and Right of Appeal ("Notice of Jeopardy Levy"), annexed to Compl. as Ex. A.) The Notice of Jeopardy Levy also informed Plaintiff that he was entitled to request an administrative review of the action and was required to do so before he requested judicial review in a United States District Court. (Notice of Jeopardy Levy at 1.) On April 24, 2016, Plaintiff received a notice from J.P. Morgan Chase Bank, N.A., placing holds in the amounts of $181,095.84 and $204,915.50 on the balance in Plaintiff's personal account and an account named the "Hall Sovereign Irrevocable Private Trust." (Compl. ¶ 7; Notice of Hold, annexed to Compl. as Ex. C.) Plaintiff commenced this action on April 27, 2016. (*See* Compl.)

II. Discussion

    a. Standard of review

        i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)); *see also Chau v. S.E.C.*, 665 F. App'x 67, 70 (2d Cir. 2016). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether

---

[4] The IRS ordinarily may not collect a tax by levy until certain notice and waiting periods have elapsed. *See* 26 U.S.C. §§ 6330(a), 6331(d). However, if the IRS determines that the property is in jeopardy, it may impose a "jeopardy or termination assessment," which consists of an "immediate notice and demand" followed by a levy on the property (a "jeopardy levy"). *See id.* § 6331(a); *see also* IRS Manual Part 5, Chapter 11, Section 3, *available at* https://www.irs.gov/irm/part5/irm_05-011-003.html#d0e61 (last accessed July 10, 2017).

3

the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

### ii. Rule 12(b)(6)

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. The Court lacks subject matter jurisdiction over Plaintiff's section 7429 claim

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's challenge to the jeopardy levy under section 7429 because Plaintiff failed to exhaust his administrative remedies. (Defs. Mem. 10.) Plaintiff does not respond to this argument.

4

A taxpayer seeking to challenge a jeopardy levy under section 7429(b) must follow the administrative procedures set forth in section 7429(a) before bringing an action in federal court. *Zuckman v. Dep't of Treasury*, 448 F. App'x 160, 161 (2d Cir. 2012) ("To the extent that Zuckman challenges the levy on his wages, there is no indication that he exhausted his administrative remedies. Thus, the district court properly dismissed those claims for lack of subject matter jurisdiction."). Under section 7429(a), a taxpayer may seek administrative review of a jeopardy levy by filing a written request with the Area Director[5] within thirty days of the date on which the IRS provided the taxpayer with the written statement of the information on which it relied in imposing the jeopardy levy. 26 U.S.C. § 7429(a)(2)–(3). The IRS then determines whether or not the jeopardy levy was reasonable under the circumstances. *Id.* § 7429(a)(3)(B).

After seeking administrative review, a taxpayer may also seek judicial review "within 90 days after the earlier of" either "the day the [IRS] notifies the taxpayer of [its] determination" regarding the request for administrative review or "the 16th day after the request [for administrative review] . . . was made." *Id.* § 7429(b)(1). Thus, "[s]ection 7429(b) allows [a] district court to review an IRS jeopardy assessment only after the taxpayer has filed a request for administrative review." *Wapnick v. United States*, 112 F.3d 74, 74 (2d Cir. 1997).

Plaintiff has neither alleged in the Complaint nor argued in opposition to Defendants' motion that he exhausted the administrative procedures in section 7429(a) before filing suit on April 27, 2016. The Court therefore lacks subject matter jurisdiction over Plaintiff's claim under section 7429. *See id.*; *see also Zuckman*, 448 F. App'x at 161 (affirming dismissal for lack of

---

[5] IRS area directors ensure compliance across several geographic areas. *See, e.g.*, Small Business/Self Employed Division At-a-Glance, Internal Revenue Service, *available at* https://www.irs.gov/uac/small-business-self-employed-division-at-a-glance (last accessed July 10, 2017).

subject matter jurisdiction where the plaintiff failed to indicate that he exhausted his administrative remedies under section 7429(a)); *Sherwood v. Dep't of Treasury*, 372 F. App'x 101, 101 (2d Cir. 2010) (affirming dismissal for lack of subject matter jurisdiction where there was "no indication that [the plaintiff] exhausted his administrative remedies as required with respect to his claim" (citing section 7429)); *United States v. Rabkin*, 315 F.R.D. 159, 164 (E.D.N.Y. 2016) (dismissing action for failure to exhaust administrative procedures under section 7429(a)).

### c. Plaintiff does not have a cause of action under section 7426

Defendants argue that, to the extent Plaintiff attempts to assert a claim for wrongful levy under section 7426, the statute precludes him from bringing such a claim because he is not the correct party to bring suit. (Defs. Mem. 8.) Plaintiff does not respond to this argument.

"[A] plaintiff must have a cause of action under the applicable statute. This was formerly called 'statutory standing.'" *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016). "The Supreme Court has recently clarified, however, that what has been called 'statutory standing' is in fact not a standing issue, but simply a question of whether the particular plaintiff 'has a cause of action under the statute.'" *Id.* (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. ---, ---, 134 S. Ct. 1377, 1387 (Mar. 25, 2014)). The Court therefore "appl[ies] traditional principles of statutory interpretation" to determine whether section 7426 allows Plaintiff to bring a private right of action under the circumstances of this case. *See Lexmark*, 572 U.S. at ---, 134 S. Ct. at 1388.

Section 7426(a) is titled "Actions permitted," and provides in pertinent part:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (*other than the person against whom is assessed the tax out of which such levy arose*) who claims an

>   interest in or lien on such property . . . may bring a civil action against
>   the United States in a district court of the United States.

26 U.S.C. § 7426(a)(1) (emphasis added). The plain language of the statute provides a private right of action only for third parties that have an interest in a levied property. *See Mottahadeh v. United States*, 33 F. Supp. 3d 210, 212 (E.D.N.Y. 2014) (interpreting section 7426 to provide a right of action for "someone other than the taxpayer whose liability is the purpose of the levy"), *aff'd*, 794 F.3d 347 (2d Cir. 2015); *see also Ulloa v. United States*, No. 06-CV-751, 2007 WL 2764792, at *5 (N.D.N.Y. Sept. 20, 2007) (dismissing wrongful levy claim because, "[i]n this case, . . . [the] plaintiff is the person 'against whom is assessed the tax out of which such levy arose'").

Even if the meaning of the statute was ambiguous, the Court would nevertheless reach the same conclusion by relying on the principle that waivers of sovereign immunity are narrowly construed. "Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 568 U.S. ---, ---, 133 S. Ct. 12, 16 (Nov. 13, 2012) (citations and internal quotation marks omitted); *see also United States v. Dalm*, 494 U.S. 596, 608 (1990) ("Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued.") A waiver of the federal government's sovereign immunity must be "unequivocally expressed in statutory text," and "may not be implied." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011). Moreover, "a waiver of sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* at 285 (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Given the clear text of the statute and the strict construction of waivers against sovereign immunity, the Court finds that the private right of action in section 7426 is limited to third parties who claim an interest in the levied property. Here, Plaintiff was the person against whom the tax

was assessed, *see* 26 U.S.C. § 7426(a)(1), and Plaintiff therefore lacks a cause of action under section 7426. The Court therefore dismisses Plaintiff's claim to the extent it is brought under section 7426.

### III. Conclusion

Although the Court recognizes that it is unlikely that Plaintiff exhausted his administrative remedies, since Plaintiff filed this action within days of receiving the Notice of Jeopardy Levy from the IRS, (*see* Compl. ¶ 6), the Court grants Plaintiff leave to amend the Complaint if he filed an administrative appeal of his jeopardy levy under section 7429 and can allege sufficient facts to show that he exhausted his remedies prior to filing suit in federal court. Plaintiff is given thirty (30) days to do so. If Plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: July 13, 2017
      Brooklyn, New York