UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ANTHONY HALL,

                              Plaintiff,                **MEMORANDUM & ORDER**
                                                                               16-CV-2073 (MKB) (JO)

                              v.

UNITED STATES OF AMERICA, INTERNAL
REVENUE SERVICE, UNITED STATES
DEPARTMENT OF TREASURY, MARY ANN
ACONE, and NATALIE CASSADINE,

                              Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Anthony Hall, proceeding *pro se*, commenced the above-captioned action on April 27, 2016 against Defendants the United States of America, the Internal Revenue Service ("IRS"), the United States Department of the Treasury, Mary Ann Acone and Natalie Cassadine,[1] alleging an "unconstitutional theft of [Plaintiff's] proprietary interest in [his] private property" and the "capricious, wrongful and unreasonable imposition of [a] jeopardy levy." (Compl. 1 (capitalizations omitted), Docket Entry No. 1.) By Memorandum and Order dated July 13, 2017, the Court dismissed the Complaint and granted Plaintiff leave to file an amended complaint. *Hall v. United States*, No. 16-CV-2073, 2017 WL 2992097, at *4 (E.D.N.Y. July 13, 2017).

       On July 14, 2017, Plaintiff filed a "motion to quash all unlawful levies placed by [D]efendants in violation of settled laws of the land." (Mot. to Quash, Docket Entry No. 15.)

---

[1] Based on a declaration submitted by Cassadine, it appears that Acone is an IRS "territory manager" and Cassadine is an IRS "revenue officer." (*See* Decl. of Natalie Cassadine ("Cassadine Decl.") ¶ 1, Docket Entry No. 11-1.)

On August 21, 2017, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 17.) On September 12, 2017, Defendants moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Federal Rules of Civil Procedure. (Defs. Mot. to Dismiss with Incorporated Mem. of Law ("Defs. Mot."), Docket Entry No. 11; Decl. of Natalie Cassadine ("Cassadine Decl."), Docket Entry No. 11-1.) By order dated October 10, 2017, the Court referred these motions to Magistrate Judge James Orenstein for a report and recommendation. (Order dated Oct. 10, 2017.)

By report and recommendation dated March 1, 2018 (the "R&R"), Judge Orenstein found that Plaintiff has failed to plead facts indicating that he exhausted his administrative remedies. (R&R 3–4, Docket Entry No. 21.) Accordingly, Judge Orenstein recommended that the Court deny Plaintiff's motion to quash, grant Defendants' motion, and dismiss the Amended Complaint with prejudice for lack of subject matter jurisdiction. (*Id.* at 4.) No party objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis,*

2

*Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1), except as to Judge Orenstein's recommendation that the action be dismissed with prejudice. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009) ("[A] dismissal for failure to exhaust available administrative remedies should be 'without prejudice' as we have previously ruled." (citing cases)). Accordingly, the Court denies Plaintiff's motion to quash, grants Defendants' motion and dismisses the action without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 16, 2018
      Brooklyn, New York